946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alden MANLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie REYNOLDS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
Variance Keith REYNOLDS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas BRONNON, a/k/a Tommy Lee Durham, Defendant-Appellant.
 Nos. 90-5372, 90-5373, 90-5374 and 90-5375.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided Oct. 18, 1991.
As Amended Nov. 21, 1991.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. N. Carlton Tilley, Jr., District Judge. (CR-90-54-WS)
 Argued: Lawrence J. Fine, Winston-Salem, N.C., for appellant Manley; George V. Laughrun, II, Goodman, Carr, Nixon & Laughrun, Charlotte, N.C., for appellant Willie Reynolds; David Bruce Freedman, White & Crumpler, Winston-Salem, N.C., for appellant Keith Reynolds; Walter C. Holton, Jr., Holton & Menefee, Winston-Salem, N.C., for appellant Bronnon; Paul Alexander Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, Circuit Judge, ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Alden Manley, Willie Reynolds, Variance Keith Reynolds (a.k.a. Keith Reynolds), and Thomas Bronnon were convicted by a jury of unlawful possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and in violation of 18 U.S.C. § 2. All defendants except Manley were also convicted of possession or use of a firearm in commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Appellants assign various grounds of error. First, Willie Reynolds and Bronnon contend their stop was without articulable suspicion and their arrest without probable cause. Accordingly, they argue the evidence found as a result of the stop and arrests was inadmissible. Next, Manley, Willie Reynolds and Variance Keith Reynolds charge there was insufficient evidence produced at trial to support their convictions. Finally, Willie Reynolds appeals the admission of evidence of a cocaine sale he made prior to the acts charged in the indictment. Finding no error and the evidence sufficient, we affirm.
 
 I.
 
 2
 On February 7, 1990, Investigator Carl Patrick, of the WinstonSalem, South Carolina, ABC Enforcement Division received information from a confidential and reliable informant who had previously given information resulting in an arrest. On this occasion, the informant notified the investigator that a black male known as Keith Reynolds would be arriving in Winston-Salem within the next few days from Pompano, Florida. He said Reynolds would be driving a blue Oldsmobile with Georgia license plates number TZK328 and transporting a large quantity of crack cocaine. The informant also stated Reynolds would be taking the "crack" to 2223 Silas Creek Parkway or 3026 Glenn Avenue in Winston-Salem.
 
 
 3
 Three days later, the informant again contacted Investigator Patrick, stating that Reynolds had arrived driving the blue Oldsmobile with the Georgia plates, but that he was unable to determine to which address Reynolds went. Based on this information, on February 12, 1990, Investigator Patrick and Investigator Michael King began surveillance of 2223 Silas Creek Parkway. In the parking lot at that address they saw the blue Oldsmobile with Georgia plates TZK328.
 
 
 4
 On the morning of February 13th, Investigator Patrick set up surveillance of 3026 Glenn Avenue and Investigator King kept watch on 2223 Silas Creek Parkway. Later that morning, Willie Reynolds, Thomas Bronnon and Alden Manley left the Glenn Avenue location in a red Toyota. A short while later Investigator King contacted Patrick stating the red Toyota had arrived at the Silas Creek Parkway address. The apartment at 2223 Silas Creek Parkway was leased by one Robin King, a girlfriend of Keith Reynolds. Willie Reynolds, Bronnon and Manley got out of the vehicle. They had nothing in their hands and the trip into the apartment was brief. They came out in about one minute, each carrying a paper bag. Willie Reynolds had a "medium" size white paper bag in his hands. The three got back into the red Toyota and drove back to 3026 Glenn Avenue. Investigator Patrick returned to his surveillance post on Glenn Avenue and saw the Toyota already parked at the rear of the house. Soon the four appellants and another man came out of the house and got into the Toyota. The driver was carrying a white paper bag, which he put in the front of the car.
 
 
 5
 Investigator Patrick followed the red Toyota and was joined by other officers. The Toyota began speeding up. Patrick instructed the other agents to attempt to pull over the Toyota. When those agents activated the blue lights on their unmarked patrol car, the Toyota continued to accelerate. After a short pursuit, the Toyota stopped abruptly. Appellant Bronnon exited the rear of the vehicle with a blue steel automatic pistol in hand and began to run. After a short chase, he threw down the weapon. He fell and was apprehended by Investigator Patrick. He was searched, and the investigator found two clear plastic bags of crack cocaine in his pocket. Willie Reynolds, the driver of the Toyota, had rented the car in his own name. Keith Reynolds was in the front passenger seat. Manley and the fifth passenger were in the back seat with Bronnon. Investigators searched the vehicle and found a white paper bag containing $5,920.00 cash under the fron tseat.
 
 
 6
 After the five men were arrested, officers searched the two residences. At 3026 Glenn Avenue they found a pistol and shotgun later identified by Robin King as belonging to Keith and Willie Reynolds, and personal effects of the Reynolds' and Manley. A search of Robin King's apartment at Silas Creek Parkway turned up $18,425.00 in cash and thirteen baggies of crack cocaine. Also found in King's apartment were personal effects of Keith Reynolds and Bronnon.
 
 II.
 
 7
 Appellants Willie Reynolds and Bronnon argue the district court erred in denying their motion to suppress as evidence the drugs and money seized as a result of the February 13th stop and arrest. Based upon all the facts and circumstances of the case, coupled with his knowledge of the "modes or patterns of operation of certain kinds of lawbreakers" an investigatory stop is within the bounds of the Fourth Amendment if the officer can form a "particularized suspicion" the individuals being stopped are engaged in wrongdoing. United States v. Cortez, 449 U.S. 411, 418 (1981). Based on our review of the record, we find no error. Under the facts and circumstances the stop of the red Toyota was not unlawful. Coupled with those facts, Bronnon's attempted flight with a drawn weapon gave the investigators probable cause to arrest appellants and make searches incident to the arrest. Thus, the trial judge did not err in denying appellants' motion to suppress.
 
 III.
 
 8
 Appellants Manley, Willie Reynolds and Keith Reynolds argue there was not sufficient evidence produced at trial to sustain their convictions. If, however, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the verdict must be upheld. Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 9
 Manley contends he was a mere passenger in the red Toyota, and there was no evidence linking him to any illegal drug activity. Appellant did, however, acknowledge his participation in the so called "kitchen incident." Sometime between November 1989 and late January 1990, Willie Reynolds, Keith Reynolds and Manley were in Robin King's kitchen at 2223 Silas Creek Parkway. The men went out together to the Reynolds' truck and brought back a large container of crack cocaine. When King saw the crack, she became upset and ran out of the room. Manley followed her and told her not to worry because no one knew the crack was in the house. We find Manley's contention that this incident was too remote in time to the acts set forth in the indictment is meritless. His participation in the kitchen incident and his association with the other appellants on February 13, 1990, is substantial evidence supporting the jury's guilty verdict on the possession count.
 
 
 10
 Willie Reynolds argues he was never seen with a gun, and that no evidence was offered he possessed crack. Keith Reynolds argues that mere ownership of guns does not establish their use in a drug offense, and that a quantity of crack being found under his girlfriend's bed does not give him constructive possession of such drugs. The evidence taken in the light most favorable to the government, however, shows that both Reynolds participated in the kitchen incident and possessed crack cocaine; that Keith Reynolds regularly stayed with Robin King in her apartment; that Keith Reynolds told Robin King he needed guns for protection selling crack; that Keith Reynolds also told King that Willie Reynolds had stored guns for him; and that Willie Reynolds carried a bag containing $5,920.00 in cash from King's bedroom, the same room where detectives later found 13 baggies of crack. Clearly, upon this evidence a rational trier of fact could have found defendants guilty beyond a reasonable doubt.
 
 IV.
 
 11
 Finally, Appellant Willie Reynolds urges the trial court erred in admitting evidence of a cocaine sale he made to an undercover officer in February of 1989, nearly one year before the conduct in question here. We hold that appellant's contention is without merit, and that the trial court did not abuse its discretion in admitting evidence of the prior sale. See United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir.1983).
 
 V.
 
 12
 For the foregoing reasons, the judgment of the district court is
 
 
 13
 AFFIRMED.